406 So.2d 167 (1981)
STATE of Louisiana
v.
Deborah E. ZITO.
No. 81-KA-1055.
Supreme Court of Louisiana.
November 16, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, William W. Hall, Asst. Dist. Attys., for plaintiff-appellee.
Wayne Douglas Mancuso, New Orleans, for defendant-appellant.
DIXON, Chief Justice.[*]
Defendant pleaded guilty to possession of quaaludes following the denial of her motion to suppress. She was given a one year suspended sentence and fined $500 plus costs. The issue presented is whether the evidence was illegally seized.
At approximately 2:00 a. m. on August 3, 1980 nineteen year old Deborah Zito was in a car talking with David Gast, her boyfriend, and David Verret, who was standing outside the car. The car was parked on the street in front of Verret's driveway. Police officers had an arrest for Deborah and her boyfriend on an aggravated battery charge. The officers had been watching the neighborhood, and drove up alongside Deborah's car. They asked her name, removed her and Gast from the car, handcuffed them *168 and placed them in separate police cars. Deborah asked Verret to move her car into his driveway, but a police officer refused to give him the keys. There is no indication in the record as to how he got the keys.
Verret was talking to the officer who had the keys and observed another officer search the car for about five minutes. He testified the officer took Deborah's purse from the car and brought it to the headlights to examine the contents. Verret went into the house to call Gast's father. The officer with Deborah's keys followed and gave him the keys once the search was completed.
Lieutenant Langford, the state's only witness, gave inconsistent testimony. He was handed the purse, but he could not remember who had given it to him. At the station he observed an inventory search of the purse which produced marijuana and quaaludes, but he could not name the officer who made the inventory. The marijuana is not at issue in this case.
The trial court incorrectly denied defendant's motion to suppress the physical evidence. The Fourth Amendment to the United States Constitution and Article I, Section 5 of the Louisiana Constitution of 1974 prohibit unreasonable searches and seizures. A warrantless search is unreasonable unless the search can be justified by one of the narrowly drawn exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Lain, 347 So.2d 167 (La.1977). The state bears the burden of proving that one of these exceptions applies. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Adams, 355 So.2d 917 (La. 1978).
The state argued the search was incident to a lawful arrest. This court has noted that a search incident to a lawful arrest is authorized for the purpose of protecting the arresting officer and is limited to a search of the person of the defendant and the area within his immediate control. State v. Blanchard, 374 So.2d 1248, 1250 (La.1979).
The search of defendant's car and purse was not justified by this exception. Deborah and her boyfriend were handcuffed and in separate police cars at the time of the search. They did not pose any threat to the officers at that time, and the searched area was not within their immediate control.
The state did not argue the application of any other exception to the warrant requirement. Lieutenant Langford testified that the evidence was produced from an inventory search of the purse at the station. However, the purse was first searched at the scene of the arrest. The officers apparently searched the purse and car at the scene to see if there was a reason to retain them. The officer gave Deborah's keys to David Verret once a search of the car produced no evidence. The car was not impounded. The purse was retained since contraband was found in it. The police may not illegally discover evidence and subsequently justify it as a result of an inventory search.
For these reasons the defendant's conviction is reversed and sentence is set aside. The motion to suppress is granted, and the case is remanded to the trial court for further proceedings not inconsistent with the views expressed herein.
KLIEBERT, J., ad hoc, concurs.
NOTES
[*] Judges Ned E. Doucet, Jr. of the Third Circuit and Thomas J. Kliebert and Robert J. Klees of the Fourth Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Calogero, Dennis and Watson.