464 So.2d 939 (1985)
STATE of Louisiana
v.
Manuel J. CABALLERO.
No. KA-2293.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
*940 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., E. Sue Bernie, Michael E. McMahon, Asst. Dist. Atty., New Orleans, for plaintiff-appellee, the State of La.
Samuel S. Dalton, Jefferson, for defendant-appellant, Manuel J. Caballero.
Before KLEES, CIACCIO and WARD, JJ.
WARD, Judge.
Manuel J. Caballero pled guilty to possession of methaqualone with intent to distribute. Subsequently, that plea was vacated by order of this Court. However, Caballero again entered a plea of guilty as charged and was sentenced to five years at hard labor. Caballero's second plea of guilty reserved his right to appeal what he claims is an erroneous ruling by the Trial Judge denying his motion to suppress evidence, State v. Crosby, 338 So.2d 584 (La. 1976), and his right to appeal his incarcerations, arguing that his sentence is unconstitutional since he is imprisoned only because he is now indigent. Bearden v. Georgia, *941 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). We find no merit to Caballero's arguments and affirm.
First, as to Caballero's argument that the seizure of narcotics was the result of an unconstitutional search and seizure, we believe the Trial Judge was correct when he denied Caballero's motion to suppress the evidence. The record shows that several weeks before Caballero was arrested, Detective Walter Gifford of the New Orleans Police Department received information from a confidential informant that Caballero was dealing drugs. The informant took the police to Caballero's residence at 1223 Lowerline, pointed out Caballero's car and gave a description of Caballero. Detective Gifford obtained a photograph of Caballero from the Bureau of Identification and conducted several surveillances at the Lowerline address.
On June 15, 1982, the informant called Detective Gifford's office with a tip that Caballero was on his way to his Lowerline apartment to pick up drugs that he was going to bring them to an unknown address. The informant said that the drugs would be carried in a tan colored tote bag and that Caballero would be driving a 1976 silver Cutlass, with the exact license plate number.
Gifford was not in the office at the time, but his office relayed this information to him by police radio, he went directly to 1223 Lowerline and set up another surveillance. Within minutes, Gifford observed Caballero, carrying a tan colored tote bag, leave the apartment with another man. Both men walked to the Cutlass, and Caballero put the tote bag in the trunk. Both men got in the car, and Caballero drove it away.
The police followed Caballero's car for a short distance until they were able to stop the car and arrest Caballero. They took the keys from the car's ignition, opened the trunk, and removed the tote bag which contained several thousand methaqualone tablets.
Caballero argues that the police did not have probable cause to arrest and, therefore, the evidence seized cannot be used against him. In support of this argument he relies on State v. Ruffin, 448 So.2d 1274 (La.1984). In Ruffin, an informant told a police detective that a person was standing on a street corner in Baton Rouge attempting to get someone to help him cash a stolen check. Ruffin was found in the described location and arrested. The sole basis for Ruffin's arrest was his presence on the corner where the informant said he would be. The Court said, "that fact alone does not indicate that the defendant was engaging in any illegal activity such as would furnish probable cause for an arrest." 448 So.2d 1274 at 1278.
However, there is a factual distinction. In this case, Caballero was not arrested merely because of his presence at a described location. Unlike Ruffin, the police were able to corroborate the tip by going to Caballero's residence, by the description of his car complete with its license plate number, and by his possession of the tote bag containing the drugs. Additionally, the police had a photograph of Caballero and were able to corroborate Caballero's identity by use of it.
Moreover, we find it important to note that very little time passed from when the information was transmitted by the informant to the police and when Caballero was seen leaving his house carrying the tote bag containing the narcotics; hence, not only was the information well corroborated, it was very fresh, indicating a high degree of reliability of the information received. Certainly, this totality of circumstances establishes probable cause for a warrantless arrest. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
We also believe the Trial Judge correctly denied the motion to suppress the evidence even though it was found in the trunk of the Cutlass. U.S. v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) held that when a warrantless search of a lawfully stopped vehicle is justified, the search may extend to every part of the *942 vehicle and its contents which may conceal the object of the search. Detective Gifford had probable cause to stop Caballero's Cutlass, therefore, he could search all compartments of the car or all containers in the car that may have concealed the drugs.
Considering Caballero's second argument, in which he relies on Bearden v. Georgia, supra, he claims his sentence is unconstitutional because he is in jail only because he is indigent. On October 22, 1982 Caballero withdrew his plea of not guilty and entered a plea of guilty as charged. Pursuant to a plea bargain with the Trial Judge, the Trial Judge sentenced Caballero to five years at hard labor, subject to an unusual condition precedent. The sentence was to be suspended and Caballero placed on active probation, but only after he paid a $30,000.00 fine.
On December 2, 1982, Caballero filed a Writ of Habeas Corpus in the Criminal District Court, based on the same grounds and contentions as this appeal, requesting his release from Parish Prison. At an evidentiary hearing, Caballero introduced evidence to prove he could not pay the fine because he was indigent. The Trial Judge denied the writ. Caballero applied for writs of review to this Court and after a hearing by another panel, the guilty plea and sentence were vacated, although Caballero had only demanded his release from prison. K-0451 (4th Cir. Feb. 1, 1983). Caballero applied for writs to the Louisiana Supreme Court, but his application was denied. 83-KK-0292 (La. Mar. 18, 1983). 429 So.2d 170. After the denial Caballero was arraigned for a second time on May 23, 1983. Caballero remained silent at arraignment and the Trial Judge entered a plea of not guilty when he refused to speak. However, on the day of trial, Caballero pleaded guilty as charged, reserving his right to appeal both the denial of his motion to suppress evidence and the Bearden issue. After entering his guilty plea, he was sentenced to five years at hard labor. The sentence was not suspended, and he was incarcerated.
Caballero now asks this court to order him released, relying on Bearden v. Georgia, supra, a case decided after his writ of habeas corpus. We believe the Bearden case is factually different. In that case, Bearden was given the benefit of probation, but, as a condition of probation, he was ordered to pay a fine and to make restitution to the victim. Bearden pled guilty under Georgia's first offender statute which permitted the Trial Judge to withhold entering a judgment of guilty. He paid the first installment, but was unable to continue payments when he was laid off his job. After a hearing, the Trial Judge found Bearden violated a condition of his probation, entered a judgment of guilty of the crime of burglary, and ordered Bearden incarcerated. Bearden, we believe, stands for the rule that a sentencing court cannot revoke a defendant's probation for failure to pay a fine and make restitution, absent evidence and findings that he was somehow responsible for that failure, or that alternative forms of punishment were inadequate to meet the State's interest in punishment and deterrence.
In this case, Caballero never made a claim of indigence before sentencing. Nor is there any solid evidence in the record to support his claim of indigence. In fact, the record shows Caballero maintained two apartments, paid for everything he needed in cash, and retained counsel to represent him.
Nevertheless, even if Caballero has proved that he is indeed indigent, we believe his argument fails. Unlike this case, there is no indication in the Bearden opinion that Bearden entered into a plea bargain with either the prosecutor or Trial Judge. Caballero's situation is much different than Bearden's, because here Caballero actively bargained with the Trial Judge[1] for the imposition of the fine. When first arraigned, Caballero entered a plea of not guilty, and thereafter his retained counsel entered into discussions with the Trial Judge with a view toward avoiding *943 incarceration by paying a fine. An agreement was struck; Caballero withdrew his plea of not guilty and entered a plea of guilty as charged, and the Trial Judge ordered the sentence suspended, but only if and when Caballero paid a fine of $30,000.00. Apparently, at that time Caballero thought he had the funds to pay the fine or that he could obtain them.
Shortly after his arrest, the United States Internal Revenue Service, the New Orleans Police Department, and the Jefferson Parish Sheriff's Office, seized $34,000.00 from an apartment on North Arnoult Street, which Caballero sometimes occupied. Caballero claimed the money was his and asked for a "subpoena duces tecum" for return of the money, only to have his subpoena denied. Additionally, because Caballero had obtained financial assistance from his family to aid him in employing counsel, he may have believed his family would pay the fine. In any event, although it is not clear whether Caballero believed that he would recover the money or whether he believed he would obtain assistance from his family to pay the fine, he nonetheless believed he could obtain the money. However, he was unsuccessful and he remained in jail.
Both the defendant and the prosecutor in a plea bargain are parties to a contract, and promises made as part of the consideration for the agreement must be fulfilled. Thus, the State or Government must fulfill its commitment in any plea bargain. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). And while the defendant should do the same, when he cannot fulfill a plea bargain, the most equitable remedy is to vacate the plea of guilty, not to require defendants' incarceration. That is what this Court did when Caballero applied for writs of review of his habeas corpus application. Caballero's plea was vacated and he was placed in the same position as before his plea of guilty.
However unseemingly this plea bargain may have been, and whether Caballero was in good or bad faith in promising to pay the fine, he misled the Trial Judge to believe he had the money to pay the fine. When a defendant cannot fulfill his end of the plea bargain, this does not mean the other party, the Trial Judge in this instance, should be compelled to fulfill his end. Thus, we simply hold that when a defendant knowingly and voluntarily enters into a plea bargain confected with the aid of his counsel, that plea bargain may be set aside when the defendant cannot fulfill his end of the bargain, and the Trial Judge is not required to suspend the sentence. To hold otherwise would permit defendants, either in good or bad faith, to bargain for payment of a fine in exchange for a suspended sentence, renege, and then avoid incarceration or any other punishment for the offense committed. Accordingly, we affirm Caballero's sentence and the Trial Judge's denial of his Motion to Suppress.
AFFIRMED.
NOTES
[1] The Trial Judge in this case was a Judge ad hoc and not the present incumbent.