ZEHMER, Chief Judge.
Ricky Everiy appeals his conviction of burglary of an occupied dwelling. The public defender filed an Anders brief[1] and Everiy filed a pro se brief contending that the evidence was legally insufficient to support the jury's finding of guilt of this offense. We affirm.
The state’s case was presented through the testimony of Sheila Osterholt. A resident of Georgia, on May 27, 1991, Osterholt and her family were vacationing in Panama City Beach and they stayed at the Days Inn. At the time of the incident, she was asleep in her motel room. Her oldest son and a friend who had accompanied them were also asleep in the same room. Osterholt’s husband and younger son were staying in another room. Osterholt and her friend had made it a habit to place their purses on the dresser. Oster-holt awoke around 6:30 a.m. and observed a man who had entered her room “standing there.” She asked, “What are you doing?” and he replied, “Is this Jack’s room?” Oster-holt said that it was not Jack’s room, and the man apologized and left. Osterholt immediately told her friend that she feared they had been robbed. She arose from the bed and went over to look through her purse, and she found that her wallet was missing. She called the police and eventually found her wallet in the room’s kitchenette sink. Seventy dollars was missing from the wallet. Subsequently, Osterholt identified Appellant as the man who had entered her room. Although her contact with him was brief, she was able to get a good look at him. During cross-examination she stated that nothing was missing from her friend’s purse; that her husband had latched the door from the outside because he had lost his key to the room, which made it “very easy for anybody to come in”; and that she had told the police some 20 to 25 minutes after the incident that the man had said he was looking for “Charlie’s” room.
We conclude that the state proved a prima facie case of burglary. The jury could find from the evidence that (1) Everiy knowingly entered the motel room, (2) that he did so without permission, and (3) that he did so with the intent to commit the theft of the missing money. Had the money been found on Everiy, there would be no question about his guilt. However, the fact that the state proved that the money was missing supports an inference that the missing money was taken by the only unauthorized person known to be in the room, i.e., Everiy. If no *311 money had been found to be missing, then we would agree that the state had failed to prove a basis for inferring Everly’s intent to commit a crime when making the unauthorized entry, and that Everly’s statement that he was looking for another person might give rise to a reasonable hypothesis that he was in the room by mistake. The proof that Everly was knowingly in the motel room without permission and that money was found to be missing immediately thereafter is legally sufficient to create a jury question on whether he was in the room by “mistake.” State v. Law, 559 So.2d 187 (Fla.1989).
This case is significantly different from our decision in T.S.J. v. State, 489 So.2d 966 (Fla. 1st DCA 1983), wherein the evidence affirmatively showed a reasonable explanation for T.S.J. to believe that he was authorized to enter the apartment with his friends and that he took nothing from the apartment, all of which remained unrebutted by the state’s evidence. Accordingly, Everly’s conviction is
AFFIRMED.
KAHN, J., concurs.
BENTON, J., dissents with opinion.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).