BENTON, Judge,
concurring in part and dissenting in part.
“Before proceeding, I would appoint substitute counsel to represent the appellant. See Penson v. Ohio, 488 U.S. 75, 83-84, 109 S.Ct. 346, 351-52, 102 L.Ed.2d 300 (1988).” Everly v. State, 648 So.2d 310, 311 (Fla. 1st DCA) (Benton, J., dissenting), review denied, 658 So.2d 990 (Fla.1995). Here the appellant makes an explicit request for appointment of appellate counsel, arguing that “the court is obligated to afford assistance of counsel to argue the appeal if it finds legal points arguable on merits.” In addition to arguing for reversal of the three sentences that we today vacate, appellant’s pro se brief contends that scoring three separate offenses as primary rendered the scoresheet erroneous and affected the sentences we do not vacate.
Like the majority, I do not reach the merits of the latter contention. “The preliminary question on which I dissent is whether, in light of the record in this case, Mr. [Spran-kle] has a constitutional right to the assistance of counsel in presenting his appeal.” Id. at 312; Douglas v. California, 372 U.S. 353, 355-56, 83 S.Ct. 814, 815-16, 9 L.Ed.2d 811 (1963); Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). While I *309 also believe appellant was entitled to and vigorous’ advocacy by counsel,” id., as regards the sentences vacated — not merely the filing of an Anders brief, see McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 439 n. 13, 108 S.Ct. 1895, 1902 n. 13, 100 L.Ed.2d 440 (1988) (“the so-called ‘Anders brief is not expected to serve as a substitute for an advocate’s brief on the merits”) — the question in this regard is moot since appellant is afforded the relief he requested — the maximum possible relief — as to the sentences vacated. “ ‘active