758 So.2d 351 (2000)
STATE of Louisiana
v.
Sharlee M. TASSIN.
No. 99-KA-1692.
Court of Appeal of Louisiana, Fourth Circuit.
March 15, 2000.
*352 Menette W. Burns, Louisiana Appellate Project, Covington, Louisiana, Counsel for Defendant-Appellant.
Harry F. Connick, District Attorney of Orleans Parish, William L. Jones, III, Assistant District Attorney, New Orleans, Louisiana, Counsel for Plaintiff-Appellee.
(Court composed of Chief Judge ROBERT J. KLEES, Judge STEVEN R. PLOTKIN, Judge MICHAEL E. KIRBY).
PLOTKIN, Judge.
This case presents the questions of whether police officers had a right to search the defendant's purse after her arrest and whether the State presented sufficient evidence to support the defendant's conviction for possession of cocaine.
On January 7, 1999, defendant Sharlee M. Tassin was charged by bill of information with possession of cocaine, a violation of La. R.S. 40:967. Defendant pled not guilty at her arraignment on January 19, 1999. A hearing on defendant's motion to suppress evidence was held during her trial on March 30, 1999, and the trial court denied the motion. The jury subsequently *353 found defendant guilty as charged; and on April 12, 1999, the trial court sentenced her to serve three years at hard labor. The trial court suspended the sentence, however, and placed defendant on three years active probation while also requiring random drug testing, a payment of one thousand dollars ($1,000.00) to the Judicial Expense Fund, and an evaluation for substance abuse treatment. This appeal followed.

STATEMENT OF FACTS:
On December 29, 1998, New Orleans Police Officers Ronald Stevens and Paul Noel were patrolling on Willow Street when they observed a green Chevy heading toward the river on Monroe Street. The officers testified that the vehicle did not obey a stop sign at the intersection of Monroe and Willow but rather came to a "rolling stop" and turned onto Willow Street. As the vehicle turned, the officers also noted that defendant, the driver, was not wearing her seat belt. The officers decided to make a traffic stop and, after running defendant's name through the police computer system, learned that there was an outstanding warrant for her arrest. The officers arrested her, handcuffed her, and placed her in the rear of their vehicle. They then retrieved a purse from the center console near the driver's seat in defendant's vehicle. The officers inspected the purse and found a crack pipe with residue inside of it; they also found three opened syringes, three spoons, other packaged syringes, a lighter, and an elastic band. After confiscating these items, the officers gave the purse to defendant. At trial, the parties stipulated that the residue in the pipe tested positive for cocaine.
At trial, defendant denied ownership of the crack pipe, the other items found in the purse and the purse itself.[1] She stated that she did not know the crack pipe and other items were in the vehicle. She testified that she had loaned the car to a friend for several days and had just regained it that day.

ERRORS PATENT:
A review of the record for errors patent reveals none.

ASSIGNMENT OF ERROR NO. 1:
In her first assignment of error, defendant contends the trial court erroneously denied her motion to suppress evidence. She argues that the search of her purse went beyond the lawful scope of a search incident to an arrest.
At a hearing on a motion to suppress, the State has the burden of proving the admissibility of all evidence seized without a warrant. La.C.Cr.P. art. 703(D); State v. Jones, 97-2217, p. 10 (La.App. 4 Cir. 2/24/99), 731 So.2d 389, 395, writ denied, 99-1702 (La.11/5/99), 751 So.2d 234. Because the police did not have a warrant to search defendant's vehicle, the State had to prove that their search fell within one of the narrowly drawn exceptions to the warrant requirement. Thompson v. Louisiana, 469 U.S. 17, 105 S.Ct. 409, 83 L.Ed.2d 246 (1984); State v. Zito, 406 So.2d 167, 168 (La.1981).
One well-established exception to the warrant requirement is a search following a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Wilson, 467 So.2d 503 (La.1985), cert. denied sub nom Wilson v. Louisiana, 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985). Moreover, in New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the Supreme Court held that a search incident to arrest may cover the entire passenger compartment of an arrestee's automobile and any containers therein. However, because the justification of a search incident to arrest is the assurance of officers' safety, the search must generally be limited to the defendant's person or the area within his immediate control. See, e.g., State v. Roebuck, 530 So.2d 1242, 1248 (La.App. 4 *354 Cir.1988), writ denied, 531 So.2d 764 (La. 1988) (A Belton search is justified "when the arrestees remain in proximity to the car.").
In State v. Zito, supra, the Louisiana Supreme Court reversed the trial court's denial of a motion to suppress on facts akin to the instant ones. In that case, the defendant and her boyfriend were conversing in a car when they were arrested on outstanding warrants. They were then handcuffed and placed in the back of separate police cars. Afterwards, the police searched the defendant's vehicle and found narcotics in a purse. The court ruled on the matter as follows:
The state argued the search was incident to a lawful arrest. This court has noted that a search incident to a lawful arrest is authorized for the purpose of protecting the arresting officer and is limited to a search of the person of the defendant and the area within his immediate control. State v. Blanchard, 374 So.2d 1248, 1250 (La.1979).
The search of defendant's car and her purse were not justified by this exception. [Defendant] and her boyfriend were handcuffed and in separate police cars at the time of the search. They did not pose a threat to the officers at that time, and the searched area was not within their immediate control.
406 So.2d at 168.[2]
Because defendant was handcuffed and confined to the rear of a police car when the officers searched her vehicle, we follow Zito and hold that the scope of the incidental search was unconstitutionally broad. We further hold that the search could not be justified under the exception for a vehicular inventory search because there was no indication that steps to impound defendant's vehicle were considered. See State v. Brumfield, 560 So.2d 534, 536-37 (La. App. 1 Cir.1990), writ denied, 565 So.2d 942 (La.1990) and State v. Carey, 499 So.2d 283, 287 (La.App. 1 Cir.1986). In fact, the officers secured defendant's vehicle at the site of the arrest.
Nevertheless, despite the unconstitutionality of the search, the evidence was not entitled to suppression under the doctrine of inevitable discovery. In Nix v. Williams, 467 U.S. 431, 446-47, 104 S.Ct. 2501, 2510-11, 81 L.Ed.2d 377 (1984), the Supreme Court held that the exclusionary rule does not apply when the State proves that the unconstitutionally obtained evidence would inevitably have been found in a constitutional manner. "The court's decision was based on its belief that it is unfair to penalize the government through application of the exclusionary rule where the police would have obtained the evidence even if no misconduct occurred." State v. Garner, 621 So.2d 1203, 1208 (La. App. 4 Cir.1993), writ denied, 627 So.2d 661 (La.1993).
In this case, Officer Stevens testified that he felt compelled not to leave the purse in the car, which was being secured on the scene. He then testified that he searched the purse prior to returning it to defendant so that, if there were contraband in it, that would not be introduced into Central Lockup. Although it would have been better if the officers had simply secured the purse until defendant was in Central Lockup, a search of the purse at that time would also have discovered the contraband. Thus, considering the impracticality of leaving the purse in defendant's car, we hold that the evidence would inevitably have been discovered. This assignment of error is without merit.[3]

*355 ASSIGNMENT OF ERROR NO. 2:

Defendant also argues that the evidence presented by the State was insufficient to support her conviction for possession of cocaine.
In State v. Ash, 97-2061 (La. App. 4 Cir. 2/10/99), 729 So.2d 664, writ denied, 99-0721 (La.7/2/99), 747 So.2d 15, this court summarized the standard of review that applies when a defendant claims that the evidence produced to convict her was constitutionally insufficient:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Additionally, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id. The trier of fact's determination of credibility is not to be disturbed on appeal absent an abuse of discretion. State v. Cashen, 544 So.2d 1268 (La.App. 4 Cir.1989). When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proved such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La. 1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
To support a conviction for possession of cocaine, the State must prove that the defendant was in possession of the drug and that she knowingly possessed it. State v. Lavigne, 95-0204 (La.App. 4 Cir. 5/22/96), 675 So.2d 771, writ denied, 96-1738 (La.1/10/97), 685 So.2d 140. Guilty knowledge is an essential element of the crime of possession of cocaine. State v. Goiner, 410 So.2d 1085 (La.1982). Although a conviction for possession of cocaine can stand on the possession of the slightest amount of the drug, the amount of the substance will have some bearing on the defendant's guilty knowledge. State v. Spates, 588 So.2d 398 (La.App. 2 Cir.1991). In addition, the possession of drug paraphernalia such as a metal pipe or "straight shooter" is indicative of guilty knowledge. Id.
In State v. Jones, 94-1261 (La.App. 3 Cir. 5/17/95), 657 So.2d 262, the court concluded that the defendant's actions and possession of an object the only use of which was to smoke cocaine provided sufficient evidence to show that the defendant knowingly possessed cocaine. This court, in State v. Gaines, 96-1850 (La.App. 4 Cir. 1/29/97), 688 So.2d 679, writ denied, 97-0510 (La.9/5/97), 700 So.2d 503, held that a defendant's possession of a glass pipe which contained cocaine residue was sufficient to prove the crime of possession of cocaine.
In Lavigne, supra, the defendant was found to be in possession of a crack pipe with residue, which was found to be cocaine. The defendant alleged that he had found the pipe and did not know that it contained cocaine, since he could not see the residue. The defendant stated that he *356 intended to throw the pipe away after he went home. In affirming the defendant's conviction, this court noted that the defendant's guilty knowledge could be inferred from his dominion and control over the pipe and the residue of cocaine found in the pipe. 675 So.2d at 779.
Here, Officers Stevens and Noel testified that they found the crack pipe in defendant's purse, which was found near the driver's seat. Defendant was the only person in the vehicle. The officers stated that there was visible cocaine residue in the pipe, and the parties stipulated that the residue tested positive for cocaine. Viewing the entirety of the record in the light most favorable to the State, we hold that a rational jury could, after discounting defendant's testimony, have found beyond a reasonable doubt that defendant knowingly possessed the pipe.
Because this assignment of error is also without merit, and because there are no errors patent, we affirm defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] Defendant disputed that there had been a purse in the car. Officer Stevens testified in rebuttal that he returned the purse to defendant after removing the contraband.
[2] Zito and Belton were both decided in 1981. However, although the Zito court did not cite Belton in its opinion, it was presumably aware of that decision, which had been handed down approximately four months earlier.
[3] Because Nix v. Williams was not decided until 1984, it is doubtful that the inevitable discovery doctrine or a similar rule was considered by the Zito court in 1981. The applicability of the doctrine in this case explains the discrepancy between its result and the result in Zito.