983 So.2d 214 (2008)
STATE of Louisiana
v.
Erroll JEROME.
No. 2007-KA-1243.
Court of Appeal of Louisiana, Fourth Circuit.
April 16, 2008.
*215 Keva Landrum-Johnson, District Attorney, Battle Bell IV, Assistant District Attorney, New Orleans, LA, for Appellee.
Willard J. Brown, Sr., New Orleans, LA, for Appellant.
(Court composed of Judge MAX N. TOBIAS, JR., Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO, JR.).
EDWIN A. LOMBARD, Judge.
The defendant/appellant, Erroll Jerome, appeals his conviction for illegal possession of oxycodone, a violation of La.Rev. Stat. 40:967. After review of the record in light of the applicable law and arguments of the parties, we affirm the judgment of the trial court.
Relevant Facts
On November 26, 2004, at approximately 8:50 p.m., Officer Kevin Burns and Officer John O'Brien of the New Orleans Police Department (NOPD) were traveling on Carrollton Avenue when they observed a vehicle directly in front of them with no taillights. The officers activated the overhead lightbar on the patrol car and pulled the vehicle over to issue a traffic citation. Upon exiting their vehicle, the officers informed the appellant why they had stopped him and requested his driver's license, registration, and proof of insurance. After performing a name check on the appellant, the officers discovered that the appellant's license had been suspended. Accordingly, the officers informed the appellant that he was being placed under arrest for driving with a suspended license. The appellant was handcuffed and placed in the rear of the patrol car.
In searching the vehicle incident to the arrest, Officer O'Brien noticed a wadded up piece of paper beneath the driver's seat. Upon examination, Officer O'Brien discovered that the wad of paper contained twenty-five white pills. Unfamiliar with the substance, O'Brien telephoned the national drug identification hotline and learned that the substance was oxycodone, a Schedule Two narcotic. Officer O'Brien then questioned the appellant about the pills and asked him if they were his and whether he had a prescription for them. After the appellant told him that the pills were his but that he did not have his prescription *216 with him, Officer O'Brien informed the appellant that he was also being charged with a narcotics violation.
The appellant was arraigned and pleaded not guilty. After a motion hearing on March 17, 2005, the trial court denied the appellant's motion to suppress the evidence. The jury was unable to reach a verdict after the appellant's first trial but on March 30, 2007, after the appellant's second trial, a jury found the appellant guilty as charged. After being multiple-billed, the defendant was found to be a second felony offender and sentenced to thirty months in the Department of Corrections.
Discussion
In his sole assignment of error, the appellant contends that the trial court erred in denying his motion to suppress the evidence. The appellant asserts that the warrantless search of the vehicle was conducted in violation of the 4th Amendment and Article I, § 5 of the Louisiana Constitution. Specifically, the appellant contends that nothing from the officer's initial observance of the interior of the vehicle revealed any incriminating items such that there would be probable cause to support a search of the vehicle. Further, the appellant contends that, because he was handcuffed and confined in the police car when Officer O'Brien searched the vehicle, the search cannot properly be supported by the rationale of search incident to arrest.
The Fourth Amendment of the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable search and seizures. Warrantless searches are per se unreasonable unless they can be justified under one of the narrowly drawn and well delineated exceptions. State v. Thompson, XXXX-XXXX (La.4/9/03), 842 So.2d 330; Coolidge v. New Hampshire, 403 U.S. 443, 454-455, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).
One exception to the warrant requirement is a search incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Once a lawful arrest has been made, a warrantless search of the arrestee's person and the area within his immediate control is permissible in order to remove any weapons from his person and to prevent evidence from being destroyed. Id. Thus, when the occupant of an automobile is arrested, the police may search the compartment of the automobile as a search incident to the arrest. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). Police may also examine the contents of any containers found within the passenger compartment, whether open or closed, as the arrest justifies the infringement of any privacy interest the arrestee may have in the containers. Belton, 453 U.S. at 460, 101 S.Ct. 2860.
The legality of the search is not dependent on the reasonable apprehension of the officer that he may be in danger or that evidence might be destroyed. Rather, so long as the former occupant of the vehicle was lawfully arrested and had been an occupant of that vehicle just prior to his arrest, the police officer may search the passenger compartment of the car and any containers therein. State v. Alaimo, 95-1044 (La.App. 4 Cir. 6/29/95), 657 So.2d 1102, 1104; see also State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir.1988), writ denied, 531 So.2d 764 (La.1988) (a search incident to arrest could encompass a search of the interior of the automobile when the arrestees remain in proximity to the car); State v. Caballero, 464 So.2d 939 (La.App. 4th Cir.1985) (upholding search pursuant to traffic stop of a tote bag in the trunk of the defendant's vehicle); State v. Smith, 489 So.2d 966 (La.App. 4th Cir. *217 1986) (upholding search and opening of a container containing drugs incident to an arrest pursuant to traffic stop). The rationale in Alaimo is consistent with the recent United States Supreme Court decision in Thornton v. United States, 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004), wherein the Court held that "[s]o long as an arrestee is the sort of `recent occupant' of a vehicle such as petitioner here, officers may search that vehicle incident to the arrest." 541 U.S. at 623-624, 124 S.Ct. 2127.
The appellant argues, citing State v. Canezaro, 2007-668 (La.6/1/07), 957 So.2d 136, (per curiam), that state protection is broader than federal protection in cases of illegal search and seizure. However, the appellant's reliance on Canezaro as support for this proposition is misplaced. In that case, the Louisiana Supreme Court held that the police search of a vehicle incident to an arrest for a traffic violation was valid and that the evidence was properly seized as a search incident to arrest under Belton and its progeny.[1] Accordingly, the appellant's assignment of error is without merit.
Conclusion
We find no error in the judgment of the trial court denying the appellant's motion to suppress and, accordingly, affirm the appellant's conviction and sentence.
AFFIRMED.
NOTES
[1] Although a full search of the vehicle may not be justified when the defendant is issued a citation (but not arrested) for a traffic violation, see Knowles v. Iowa, 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998), the violation of driving with a suspended license calls for an arrest, not a citation.