550 So.2d 963 (1989)
STATE of Louisiana
v.
Jason DARBY.
No. 89-KA-228.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1989.
*964 Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff/appellee.
Bruce G. Whittaker, 24th Judicial District, Indigent Defender Bd., Gretna, for defendant/appellant.
Before CHEHARDY, BOWES and GOTHARD, JJ.
GOTHARD, Judge.
This matter relates to a conviction of possession of marijuana, La.R.S. 40:966, and of battery on a police officer, La.R.S. 14:34.2. Although the case has been lodged as an appeal, this Court does not have appellate jurisdiction, because the violations are misdemeanors with maximum sentences of six months. La.C.Cr.P. art. 912.1 and art. 779. As permitted by article 912.1, we shall treat the appeal as an application for supervisory writs and rule on the merits.
At issue is whether or not the trial court erred in denying the defendant's motion to suppress.
In the bill of information filed on June 28, 1988, the Jefferson Parish District Attorney charged the defendant, Jason Darby, with possession of marijuana (LSA-R.S. 40:966) and battery on a police officer (LSA-R.S. 14:34.2). Darby pled not guilty to these charges at his arraignment on October 28, 1988. After a hearing on November 30, 1988, the trial court denied Darby's motion to suppress. On that same date, the defendant withdrew his not guilty pleas and entered pleas of guilty, reserving his right under State v. Crosby, 338 So.2d 584 (La.1976) to seek appellate review of the trial court's denial of his motion to suppress. After conducting a Boykin colloquy with Darby and his appointed counsel, the trial judge accepted the Crosby plea and sentenced the defendant. On the possession of marijuana charge, the judge imposed a three month parish prison sentence, which he suspended, and placed the defendant on active probation for six months. On the charge of battery on a police officer, the judge sentenced Darby to serve three months in parish prison, with suspension of that sentence except for the fifteen day minimum prison term mandated by LSA-R.S. 14:34.2; the sentences were to run concurrently. The defendant then moved to appeal.
The charges grew out of an incident occurring on November 18, 1987. During a routine patrol Deputy Gary Marchese of the Jefferson Parish Sheriff's office observed two males in the doorway of a drugstore located in a shopping center on Jefferson Highway. As the time was 3:30 a.m. and the drugstore was closed, Marchese suspected the men might be attempting to break into the store. He drove the police car into the parking lot and stopped in front of the store.
Deputy Marchese and the defendant, Darby, gave conflicting reports of the events leading to the arrest. Deputy Marchese stated that he got out of his patrol car and immediately detected the smell of marijuana emanating from the area where the two suspects were located. He approached the two men and had them place their hands on the building wall to conduct a "pat-down" search for weapons. As Marchese started to pat down the defendant, Darby "lunged" for his waistband with his hand. Believing that Darby was attempting to pull a weapon from his waistband, *965 Marchese grabbed both of the defendant's wrists to prevent him from retrieving a weapon. Darby then started throwing his elbows back toward the officer, hitting the deputy in the stomach. Marchese got Darby to the ground, placed handcuffs on him and arrested him for battery on a police officer. Following that arrest, Deputy Marchese searched Darby for a weapon and found a bag containing about two ounces of marijuana inside his waistband. The officer then arrested the defendant for possession of marijuana.
According to the defendant's testimony, Darby and his companion were employees at the Delchamps food store next to the drugstore. They were working the 11:00 p.m. to 7:00 a.m. shift on the morning of November 18, 1987. At the time Deputy Marchese arrived at the scene, the defendant and his fellow worker were in their Delchamps coats, taking a scheduled break to eat "lunch". Darby was lighting a cigarette when the police officer approached the two men. Marchese told the defendant not to light the cigarette and ripped it out of Darby's mouth. The officer asked "Where's the stuff?" and Darby replied that he did not have any "stuff". At that time, the defendant was standing with his right hand in his trouser pocket and his left hand on his waist. Marchese ordered the two men to get up against the building wall. As the defendant was attempting to comply, Marchese grabbed both of Darby's wrists and threw him to the ground, face first, and handcuffed him. The officer then searched the defendant and found marijuana inside his waistband.
The defendant contends that Deputy Marchese did not have reasonable cause to justify an investigatory stop of Darby and his companion. He further contends that the frisk of the two suspects was illegal because there was no factual basis upon which Deputy Marchese could reasonably conclude that Darby and his fellow worker might be armed and dangerous. Finally, the defendant argues that the battery committed on Deputy Marchese constituted nothing more than resistance to an unlawful arrest.
The basis for so called "stop and frisk" laws is the case of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), which recognized the investigatory stop as an exception to the warrant requirement for a constitutionally valid search and seizure. The Supreme Court recently summarized the law in U.S. v. Sokolow, ___ U.S. ___, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989), as follows 109 S.Ct. at 1585:
... In Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884-85, 20 L.Ed.2d 889 (1968), we held that the police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity "may be afoot," even if the officer lacks probable cause.
The officer, of course, must be able to articulate something more than an "inchoate and unparticularized suspicion or `hunch.'" Id., at 27, 88 S.Ct., at 1883. The Fourth Amendment requires "some minimal level of objective justification" for making the stop. INS v. Delgado, 466 U.S. 210, 217, 104 S.Ct. 1758, 1763, 80 L.Ed.2d 247 (1984). That level of suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence. We have held that probable cause means "a fair probability that contraband or evidence of a crime will be found," Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983), and the level of suspicion required for a Terry stop is obviously less demanding than that for probable cause. See United States v. Montoya de Hernandez, 473 U.S. 531, 541, 544, 105 S.Ct. 3304, 3312, 87 L.Ed.2d 381 (1985).
The concept of reasonable suspicion, like probable cause, is not "readily, or even usefully, reduced to a neat set of legal rules." Gates, supra, 462 U.S., at 232, 103 S.Ct., at 2329.... In evaluating the validity of a stop such as this, we must consider "the totality of the circumstancesthe whole picture." United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981).... *966 See also State v. Geraci, 518 So.2d 554 (La.App. 5th Cir.1987); State v. Cuevas, 526 So.2d 1346 (La.App. 5th Cir.1988).
The Louisiana statute, La. C.Cr.P. art. 215.1 provides:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
C. If the law enforcement officer finds a dangerous weapon, he may take and keep it until the completion of the questioning, at which time he shall either return it, if lawfully possessed, or arrest such person.
The defendant argues that Marchese did not have reasonable cause to make an investigatory stop; however, we believe that the trial judge correctly ruled that the stop was lawful. The circumstances of the late hour and the presence of the men in the doorway of a closed drugstore were sufficient to warrant a reasonable belief in the officer that criminal activity might be occurring. As to whether Marchese had reason to believe he was in danger and to frisk the two subjects, the fact that he was alone, that there were two possible wrongdoers, and it was very early in the morning and dark, all suggest that he was entitled to make a pat-down search for weapons. Had not Darby put his hand down to his waistband, the incident would probably have ended with no arrest and no seizure of contraband. Marchese testified he believed Darby was reaching for a weapon, and when he grabbed Darby's wrists to stop him Darby resisted with his elbows. As the determination of reasonable cause involves credibility of the witnesses' testimony, the findings of the trial judge deserve great weight. State v. Geraci, supra. As we find the stop and frisk were legal, we need not consider Darby's argument that he had the right to resist an unlawful arrest.
Our examination of the record reveals no patent errors.
For the reasons assigned, the trial court's denial of the defendant's motion to suppress is affirmed.
AFFIRMED.