laWHIPPLE, Judge.
The defendant, Bertrand Stewart, was charged by bill of information with possession of a firearm by a convicted felon, in violation of LSA-R.S. 14:95.1. Initially, he pled not guilty and filed a motion to suppress based upon an allegedly illegal stop, pat-down search, and seizure. After a hearing, the motion to suppress was denied. The defendant withdrew his not guilty plea and pled guilty as charged, reserving his right to appeal the trial court’s denial of the motion to suppress. See State v. Crosby, 338 So.2d 584, 588 (La.1976). He received a $1,000 fine and a sentence of twelve years at hard labor, without benefit of parole, probation, or suspension of sentence. Thereafter, the trial court suspended the fine.
The defendant has appealed, alleging as his only assignment of error the trial court’s denial of the motion to suppress.
The following facts are derived from the combined hearing on the preliminary examination and motion to suppress. At approximately 1:00 a.m. on October 13, 1996, Baton Rouge City Police Officer Stephen Tibbets received a radio dispatch from headquarters regarding a possible burglary in progress at 2321 Gordon Street. Officer Tibbets arrived at the 2300 block of Gordon Street within approximately three minutes. While searching for the house at 2321, Officer Tibbets observed two men on a bicycle coming from behind a house located a distance of one or two houses away from 2321 Gordon. He drove up, stopped, got out of his police unit, and ordered the men to get off the bicycle and talk to him.
When Officer Tibbets instructed the subjects to place their hands on the unit because they were under investigation for a possible burglary, the defendant began to act in a nervous manner. While the other man complied with the officer’s ^instructions, the defendant, who was wearing a jacket, began moving around, placing his hands inside his pockets, asking questions, and walking backwards. After several commands, the defendant finally placed his hands on the police unit. Officer Tibbets conducted a pat-down search on the defendant and discovered a weapon in his jacket pocket. He then handcuffed the defendant and seized a small caliber handgun. The defendant was arrested for possession of a concealed weapon. At the police station, a check of the defendant’s criminal record indicated that he was a convicted felon.
ASSIGNMENT OF ERROR
In this assignment of error, the defendant contends that the trial court erred in denying *927 the motion to suppress. Specifically, he contends that the officer lacked reasonable suspicion for the initial stop. In the alternative, he contends that, even if the initial stop was justified, the officer lacked a basis for the weapons frisk and, therefore, the subsequent search, seizure of evidence, and arrest were illegal.
The Fourth Amendment to the United States Constitution and Article I, Section 5, of the Louisiana Constitution protect people against unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. art. 215.1, as well as both federal and state jurisprudence. Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); State v. Bracken, 506 So.2d 807, 811 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (La.1987). Reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether or not the officer had sufficient knowledge of facts and circumstances to justify an | infringement on the individual’s right to be free from governmental interference. The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct. State v. Payne, 489 So.2d 1289, 1291 (La.App. 1st Cir.), unit denied, 493 So.2d 1217 (La.1986). The totality of the circumstances must be considered in determining whether or not reasonable cause exists. In order to assess the reasonableness of an officer’s corn duct, it is necessary to balance the need to search or to seize against the harm of invasion. State v. Scott, 561 So.2d 170, 173 (La.App. 1st Cir.), writ denied, 566 So.2d 394 (La.1990).
In his brief to this Court, the defendant suggests that he had the right to walk away when approached by Officer Tibbets. He further suggests that, even if the officer had reasonable suspicion for an investigatory stop, a frisk was not necessary and the defendant’s “actions were not the reason for the pat down.” Instead, he argues that Officer Tibbets had already made up his mind to conduct a frisk for weapons. We find no merit in either claim.
Officer Tibbets was investigating a possible burglary or burglary attempt late at night in a residential area. This was not a case of an anonymous tip. The occupant of the residence at 2321 Gordon Street had called in the complaint to the police. Officer Tibbets was the only officer on the scene when he confronted the two male suspects he observed coming from behind a house located within one or two houses from the scene of the complaint. As the officer had responded to the scene within about three minutes, he reasonably assumed that these two males on the bicycle might be burglary suspects. Given the totality of the circumstances, |5Officer Tibbets clearly had reasonable suspicion to briefly detain the suspects in order to determine whether or not they were connected with the burglary complaint.
Moreover, when the defendant refused to comply with Officer Tibbets’ repeated requests that he place his hands on the police unit, the officer was justified in conducting a frisk for weapons. The following facts further reinforce Officer Tibbets’ decision to conduct the frisk. The other suspect complied with the officer’s instructions. However, the defendant became nervous, began asking questions and backing away, and kept placing his hands into his pockets. The defendant was wearing a jacket which could (and did) easily conceal a small caliber gun. Officer Tibbets reasonably feared for his safety and the defendant’s conduct did little to ease that fear. Officer Tibbets acted prudently and in accordance with LSA-C.Cr.P. art. 215.1(B) in conducting a weapons frisk under these circumstances. See and compare State v. Rodriguez, 476 So.2d 994 (La.App. 1st Cir.1985). Once he conducted the frisk and discovered the concealed weapon in the defendant’s jacket pocket, the officer had probable cause to arrest the defendant and seize the weapon. We find neither a statutory nor a constitutional violation herein. Therefore, we find no *928 error in the trial court’s ruling denying the motion to suppress.
This assignment of error is meritless.
CONVICTION AND SENTENCE AFFIRMED.