J^LeBLANC, J.
The defendant, Robert M. Lagarde, Jr., was charged by two bills of information with possession of cocaine in violation of La. R.S. 40:967 C under Terrebonne Parish docket number 310,174 and with possession of marijuana and possession of drug paraphernalia in violation of La. R.S. 40:966 D and 40:1033 under docket number 310,175. The defendant initially entered a plea of not guilty to all charges. He filed a motion to suppress in case number 310,-174, which was denied. The defendant subsequently entered a guilty plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976), to the charge of possession of cocaine, while reserving his right to appeal the trial court’s denial of his motion to suppress, and the State dismissed the charges under case number 310,175. Upon accepting the defendant’s guilty plea, the Court sentenced him to serve three years with the Department of Corrections.
It is from the denial of his motion to suppress the defendant now appeals, alleging two assignments of error, as follows:
1. The trial judge erred in denying the motion to suppress Evidence.
2. The trial judge failed to advise the defendant of the statutory delays in which to seek post-conviction relief.

FACTS

The following facts are derived from the testimony adduced at the motion to suppress hearing. On April 4, 1998, Officers *281 Keith Gallicio and Ashli Richardson of the Houma Police Department were on patrol at 3:30 a.m., when they observed three males who appeared to be loitering in the parking lot of a paint store. Owners of the store had in the past requested the police keep people out of the area at night, due to prior incidents of littering and property damage. The officers approached the parking lot and notified another nearby police unit when two of the subjects walked in their direction as they entered the parking lot. That unit stopped them, while Officer Gallicio called to the defendant who began to walk away. The defendant turned and walked toward them upon request. Officer Gallicio testified that the defendant kept his hands in his pockets and |swould not remove them when he was asked to do so. Eventually, when the officers asked him to remove the items from his pocket, the defendant pulled out a cigarette pack and placed it on the car. While Officer Richardson continued to pat the defendant down, he grabbed the cigarette pack, which she retrieved. Inside the pack was a crack pipe. After the defendant was placed under arrest, the officers obtained a matchbox from the same pocket, which contained six pieces of rock or crack cocaine.

ASSIGNMENT OF ERROR NO. 1:

In this assignment of error, the defendant contends that the trial court erred in denying his motion to suppress, arguing that he was detained without reasonable cause and searched without probable cause prior to his arrest.
The Fourth Amendment to the United States Constitution and Article I, Section 5, of the Louisiana Constitution afford protection against unreasonable searches and seizures. However, the right of a law enforcement officer to stop and interrogate one reasonably suspected of criminal conduct is recognized under La. C.Cr.P. art. 215.1, as well as federal and state jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Pautard, 485 So.2d 909, 911 (La.1986). The right to make an investigatory stop and question the particular individual detained must be based upon reasonable suspicion to believe that he has been, is, or is about to be engaged in criminal conduct. State v. Belton, 441 So.2d 1195, 1198 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). It has long been held that reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether or not the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual’s right to be free from governmental interference. The totality of the circumstances must be considered in determining whether or not reasonable suspicion exists. State v. Payne, 489 So.2d 1289, 1291-92 (La.App. 1 Cir.), unit denied, 493 So.2d 1217 (1986). Police officers do not need probable cause to arrest or reasonable cause to detain each time they attempt to converse with or approach a citizen. As long as the person remains free to disregard the Rencounter and walk away, there has been no intrusion upon that person’s liberty or privacy which would require some particularized and objective justification under the fourth amendment. United States v. Mendenhall, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980); see State v. Williams, 421 So.2d 874 (La.1982). In order to assess the reasonableness of an officer’s conduct, it is necessary to balance the need to search or to seize against the harm of invasion. State v. Scott, 561 So.2d 170, 173 (LaApp. 1 Cir.), writ denied, 566 So.2d 394 (1990).
The defendant herein maintains that he was unlawfully detained and searched without the requisite degree of probable cause, thereby rendering the evidence seized inadmissible. He argues that there was no indication that criminal conduct was occurring, or about to occur to justify being stopped by the police. He points to the fact that the presence by the police *282 was not in response to a “tip” or complaint that any crime was occurring at that location, nor was there any indication by his behavior that he was engaging in drug trafficking. The State’s position is that the police observed the defendant and his companions at 3:30 a.m., apparently loitering on private property, which had been the subject of complaints by the property owners in the past and that the defendant’s response to police presence justified the limited investigatory stop and frisk. The State also submits that the defendant tacitly consented to the search of the cigarette pack.
In determining the reasonableness of the instant stop, one of the factors to be considered is the nature of the area of suspected criminal activity, which is an articulable fact upon which a police officer may legitimately rely. State v. Scott, 561 So.2d at 173. The defendants were gathered in the private parking lot of a closed business at 3:30 a.m., a location which had been the subject of owner complaints in the past. There was no obvious reasonable explanation for the defendant’s presence on.the premises, since a nearby bar was also closed at that time. These circumstances were sufficient to warrant a reasonable belief in the officers that criminal activity might be occurring, justifying the | ^initial stop of the three subjects. See State v. Darby, 550 So.2d 963, 966 (La. App. 5 Cir.1989).
The question then ■ becomes whether or not the subsequent frisk of the defendant which produced the contraband was justified. A review of the testimony reveals that the defendant began to walk away at the sight of the approaching officers. When he was called back to speak with them, he refused to remove his hands from his pockets upon request. Such refusal alone would have justified conducting a frisk for weapons. See State v. Stewart, 97-2399, p. 5 (La.App. 1 Cir. 9/25/98), 721 So.2d 925, 927. At this point, Officer Galli-cio testified that the officers asked the defendant to empty his pockets while Officer Richardson conducted the pat-down search for weapons. In accordance with La.C.Cr.P. art. 215;1(B), the officers searched the defendant’s outer clothing for their own safety. The defendant’s grabbing for the cigarette pack while being frisked justified investigation into its contents. Removal and looking into an open cigarette pack, a commonly known manner of concealing razor blades, has been held as a reasonable intrusion designed to discover a weapon. See State v. Sheehan, 97-2386, p. 8 (La.App. 4 Cir. 12/9/98), 740 So.2d 127, 131, writ granted, 99-0725 (La.7/2/99), 747 So.2d 3.
We find that the initial investigatory stop was justified in view of the unusual gathering of people on private property of a closed business establishment in the early morning hours. The subsequent frisk of the defendant was generated by his own conduct, giving rise to a reasonable fear that he may have been armed. Checking the pack of cigarettes, which the defendant grabbed during the frisk, was a reasonable component of the pat-down search for weapons in this context. Given the totality of the circumstances, there was no invasion of his privacy beyond that authorized by the officers’ séarch for weapons.
This assignment of error is without merit.

[«ASSIGNMENT OF ERROR NO. 2:

In this assignment of error, the defendant correctly observes that the trial court failed to advise him of the time limitation for the filing of post-conviction relief applications as contained in La.C.Cr.P. art. 930.8 as amended by 1999 La. Acts 1262.
La.C.Cr.P. art. 930.8 C provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for applying for post-conviction relief. A failure to do so on the part of the trial court has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for re-sentencing. See State ex rel. Glover v. State, 93-2330, p. 20-21 (La.9/5/95), 660 *283 So.2d 1189,1201. The trial court is hereby directed to give the defendant written notice of the prescriptive period for applying for post-conviction relief within ten days of rendition of this opinion and to file written proof in the record of the proceedings that the defendant received the notice. See State v. Hendon, 94-0516, p. 7-8 (La.App. 1 Cir. 4/7/95), 654 So.2d 447, 450-51.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.