# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-544

STATE OF LOUISIANA

VERSUS

MICHAEL K. MOREAU

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 03-227269
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

## AFFIRMED; REMANDED WITH INSTRUCTIONS.

Honorable J. Phillip Haney
District Attorney
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4420
COUNSEL FOR APPELLEE:
    State of Louisiana

Jeffrey J. Trosclair
Assistant District Attorney
St. Mary Parish Courthouse, 5th Floor
Franklin, LA 70538
(337) 828-4100
COUNSEL FOR APPELLEE:
    State of Louisiana

**J. Kevin Stockstill**
**117 Caillouet Place**
**Lafayette, LA 70501**
**(337) 262-0203**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Michael K. Moreau**

AMY, Judge.

The defendant was charged by bill of information with dogfighting, a violation of La.R.S. 14:102.5. The defendant filed a motion to suppress, which the trial court denied. The defendant entered a plea of guilty to the charge, reserving his right to appeal the suppression issue. He was sentenced to one year at hard labor, with a one-thousand dollar fine. The defendant appeals, seeking review of the trial court's denial of his motion to suppress. For the following reasons, we affirm and remand with instructions.

### Factual and Procedural Background

The record indicates that on September 28, 2003, the defendant's vehicle was pulled over by a police officer for impeding the flow of traffic. After Robert Kennison, the driver of the defendant's vehicle, and the defendant were arrested, Officer Lefleur saw an injured, bleeding dog on the backseat of the vehicle. Officer Lefleur then preceded to search the car, also finding a video camera and a videotape. Upon questioning Mr. Kennison, Officer Lefleur learned that he and the defendant had engaged in dogfighting.

The State charged the defendant by bill of information on December 2, 2003 with dogfighting in violation of La.R.S. 14:102.5. The defendant subsequently filed a motion to suppress, questioning the stop of the vehicle and the search conducted after the stop. On July 21, 2004, the trial court held a hearing on the defendant's motion to suppress, which was denied. The defendant later entered a plea of guilty to the charge, reserving his right to appeal the suppression issue. The defendant was sentenced to one year at hard labor, with a one-thousand dollar fine. The defendant now appeals, assigning the following as error:

1. The Trial Court erred by finding that the stop of [the defendant]'s vehicle was proper.

2.     The Trial Court erred by finding that no search occurred because the bleeding dog was in "plain view[.]"

3.     The Trial Court erred by finding that the search was incident to the arrest of the defendant.

4.     The Trial Court erred by finding that Officer L[e]fleur had probable cause to search the vehicle accompanied with exigent circumstances.

5.     The Trial Court erred by finding that the search was an "inventory search" of the vehicle.

## Discussion

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by the court for errors patent on the face of the record. After reviewing the record, we find one error patent requiring correction.

The trial court orally informed the defendant of the prescriptive period for filing post-conviction relief at the time of the defendant's guilty plea. Louisiana Code of Criminal Procedure Article 930.8 provides the following regarding the appropriate time to advise the defendant of the prescriptive period for filing post-conviction relief:

> C.     At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief either verbally or in writing. If a written waiver of rights form is used during the acceptance of a guilty plea, the notice required by this Paragraph may be included in the written waiver of rights.

Since the trial court notified the defendant verbally at the guilty plea proceeding, rather than in a written waiver of rights as is required if notification is given at the time of the plea rather than sentencing, this notice did not meet the requirements of La.Code Crim.P art. 930.8(C). Accordingly, we remand with instructions to the trial court to send the defendant appropriate written notice of the prescriptive period of Article 930.8(C) within ten days of the rendition of the opinion

2

and to file written proof that the defendant received the notice in the record of the proceedings. *See State v. Williams*, 02-707 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095.

*Reasons for Ruling and Standard of Review*

As all of the defendant's assignments relate to the motion to suppress and the trial court's reasons bear on each of these arguments, we initially set forth the trial court's findings and the applicable standard of review. The trial court stated:

> Upon initiating the stop, I think he had probable cause to stop the vehicle based upon the suspicions he may have had of impeding traffic and/or some other traffic offense, DWI or otherwise. He pulled them over on Highway 103. Mr. Kennison exited the vehicle. He asked him for his driver's license. He could not produce a driver's license. At that point the officer had the pejorative[sic] to either issue a ticket to Mr. Kennison or arrest him. He, in fact, did arrest him at that time. Mr. Moreau exited the vehicle, started impeding the officer with why was he arresting the defendant. Mr. Moreau was also arrested for interference with the duties of a police officer.
> Even if he had not arrested Mr. Moreau, I think Officer Lefleur would have had enough probable cause to go around the vehicle to determine if anything was in plain view within the vehicle. Before he even started an inventory search he said he could see the dog was in fact injured in some type of fashion. He approached Mr. Kennison and asked him was the dog injured and as a result of what. Mr. Kennison had been previously Mirandized, by Officer Lefleur's testimony, after he had been arrested. He made a statement that the dog was injured as a result of dog fighting. I think at that point Officer Lefleur, being a prudent police officer, whether it pursuant to an inventory or otherwise, had a right to go into the vehicle and seize evidence of the crime based upon the exigency of the circumstances and that the vehicle was very mobile at that time. If he had left the vehicle there, possibly some relatives or other people on behalf of Mr. Kennison and Mr. Moreau could have retrieved the vehicle and destroyed the evidence. Certainly I think Officer Lefleur acted accordingly and the Motion to Suppress is denied.

The appellate court looks at the totality of the evidence presented at the hearing for the motion to suppress when reviewing a trial court's denial of the motion. *State v. Sherman*, 03-1198 (La.App. 3 Cir. 3/2/05), 896 So.2d 1194. The appellate court should overturn the trial court's conclusions only if they are not supported by the evidence or there is a clear abuse of discretion. *State v. Purvis*, 96-787 (La.App. 3

3

Cir. 12/11/96), 684 So.2d 567. "In other words, the appellate court will give the trial court's determination great weight and will not set aside the trial court's ruling unless clearly mandated by a preponderance of the evidence." *Sherman*, 896 So.2d at 1202.

*Stop of the Vehicle*

The defendant first asserts that the stop of the vehicle was illegal. He asserts that the State never specified a statute to support the stop, and references the police officer's testimony that the vehicle was stopped for impeding the flow of traffic. The defendant contends, however, that only two statutes use the phrase "impeding the flow of traffic" and that these statutes "envision a motorist who is traveling at such a slow speed as to cause traffic congestion." *See* La.R.S. 32:54(B) and La.R.S. 32:73.1. He argues that the statutes are inapplicable to a motorist who "fails to notice that the light has turned green for a period of ten to fifteen seconds."

The Louisiana Supreme Court has explained that "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *State v. Waters*, 00-356, p.4 (La. 3/12/01), 780 So.2d 1053, 1056. Furthermore, "even relatively minor traffic violations provide an objective basis for lawfully detaining [a] vehicle and its occupants." *Id*. In finding the stop valid in this case, the trial judge remarked that Officer Lefleur "had probable cause to stop the vehicle based upon the suspicions he may have of impeding traffic and/or some other traffic offense, DWI or otherwise."

At the suppression hearing, Officers Levier and Lefleur testified that on the early morning of September 28, 2003, they observed a brown car, westbound on Highway 190, stop for a red light at the intersection, next to a black Isuzu Rodeo. The defendant, a passenger in the brown car, opened his door to talk to the driver of the Rodeo. According to Officers Levier and Lefleur, the light turned green, but the

4

two vehicles remained stationary for approximately ten seconds. An ambulance pulled up behind one of the vehicles and activated its siren to alert the drivers that the light was green. Both officers testified that the cars did not move until the ambulance activated its siren a second time. The record indicates that it was possible for the ambulance to use the turning lane or an intersecting highway to go around the vehicles. Officers Levier and Lefleur maintained that after they observed this incident, they stopped the vehicles for impeding the flow of traffic.

Although neither La.R.S. 14:97[1] nor La.R.S. 14:100.1[2] specifically use the language "impeding the flow of traffic," they prohibit the obstruction of street or highway traffic. Since the officers observed the defendant obstructing traffic, the record supports the trial court's determination that the stop was valid.

The defendant also argues that the stop of his car was illegal because "there was no traffic behind [his] vehicle for them to impede. If a violation occurred it was

---

[1] **§ 97.        Simple obstruction of a highway of commerce**

Simple obstruction of a highway of commerce is the intentional or criminally negligent placing of anything or performance of any act on any railway, railroad, navigable waterway, road, highway, thoroughfare, or runway of an airport, which will render movement thereon more difficult.
Whoever commits the crime of simple obstruction of a highway of commerce shall be fined not more than two hundred dollars, or imprisoned for not more than six months, or both.

[2] **§ 100.1.      Obstructing public passages**

No person shall wilfully obstruct the free, convenient and normal use of any public sidewalk, street, highway, bridge, alley, road, or other passageway, or the entrance, corridor or passage of any public building, structure, water craft or ferry, by impeding, hindering, stifling, retarding or restraining traffic or passage thereon or therein.
Whoever violates the provisions of this Section shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than five hundred dollars or imprisoned for not more than six months, or both fined and imprisoned.
This Section shall not be applicable to the erection or construction of any barricades or other forms of obstructions as a safety measure in connection with construction, excavation, maintenance, repair, replacement or other work, in or adjacent to any public sidewalk, street, highway, bridge, alley, road, or other passageway, nor to the placing of barricades or other forms of obstruction by governmental authorities, or any officer or agent thereof, in the proper performance of duties.

5

committed by the vehicle in front of the ambulance, not [his] vehicle." The ambulance's position is unclear because Officer Levier testified that the ambulance was behind the Rodeo whereas Officer Lefleur testified that it was behind the brown car. In any event, the testimony indicated that neither vehicle moved once the ambulance activated its siren. Since the ambulance would have had to maneuver around the cars to get to its destination, both the defendant's vehicle and the Rodeo impeded the flow of traffic. As such, we conclude that the record supports a determination that Officer Lefleur was reasonable in stopping the defendant's car.

For the foregoing reasons, this assignment lacks merit.

*Plain View Exception*

The defendant argues that the bleeding dog in the car was not in plain view. He also contends that even if the stop was proper, it could not have been apparent that the bleeding dog was evidence of a crime and/or contraband.

There is a legitimate plain view seizure under the Fourth Amendment if: "(1) there is a prior justification for police intrusion into a protected area, (2) the evidence is discovered inadvertently, and (3) it is immediately apparent without close inspection that the items are evidence of contraband." *State v. Molette*, 01-194, p.11 (La.App. 3 Cir. 10/3/01), 798 So.2d 1113, 1121 (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022 (1971)). The United States Supreme Court held in *Horton v. California*, 496 U.S. 128, 110 S.Ct. 2301 (1990) that evidence need not be discovered inadvertently. In *State v. Howard*, 01-1487, p.8 (La.App.1 Cir. 3/28/02), 814 So.2d 47, 53, *writ denied*, 02-1485 (La. 5/16/03), 843 So. 2d 1120, the first circuit held that 'immediately apparent' requires no more than probable cause to associate the property with criminal activity."

6

The trial judge articulated several bases for the denial of the motion to suppress, one of them being the "plain view" exception. The trial judge stated:

> Even if he had not arrested Mr. Moreau, I think Officer Lefleur would have had enough probable cause to go around the vehicle to determine if anything was in plain view within the vehicle. Before he even started an inventory search he said he could see the dog was in fact injured in some type of fashion.

Our review reveals support for this determination.

With regard to the element that there be a prior justification for police intrusion into the protected area, we observe that we have, above, found the stop to be lawful. Therefore, we turn to a review of the remaining element, *i.e.*, whether it was immediately apparent that the items were contraband.

The record shows that once the defendant's car was pulled over, Mr. Kennison stepped out of the car and was told by Officer Lefleur that he was stopped for impeding the flow of traffic. When Officer Lefleur asked him for his driver's license, Mr. Kennison stated that he did not have one, which was confirmed by running his information through a state computer. Mr. Kennison was placed under arrest and read his rights. Officer Lefleur later testified that he noticed that there were blood spots on Mr. Kennison's pants after he arrested him.

According to Officer Lefleur, while he was Mirandizing the driver, the defendant stepped out of the passenger side of the vehicle and said, "What the hell you messing with my boy for?" Officer Lefleur stated that after he made repeated requests that the defendant get into the vehicle, he put Mr. Kennison in the back of his unit and arrested the defendant for interfering with the duties of an officer and public intoxication.

Officer Lefleur testified that when he approached the vehicle to do a vehicle inventory, he noticed a pit bull in a dog kennel on the back seat. After shining his flashlight into the kennel, he noticed the dog was bleeding and had several cuts.

In light of the circumstances surrounding the stop of the vehicle, Officer Lefleur had probable cause to believe that the dog was injured as a result of some criminal activity. The car was stopped in the early morning hours, and the defendant seemed intoxicated. There was a bleeding dog in the back seat, and Mr. Kennison had blood on his pants. All of these facts added together led Officer Lefleur to believe that a crime had been committed. The record supports a determination that the "plain view" exception has been met.

This assignment lacks merit.

*Search Incident to Arrest*

In his brief submitted to this court, the defendant points out that "a search incident to a lawful arrest is authorized for the limited purpose of protecting the officer and preventing the destruction of evidence and is restricted to a search of the person of the arrestee and the area within his immediate control." He argues that he did not have access to the car by the time the search began because he was already arrested, handcuffed and in the back of Officer Lefleur's police unit. As such, he contends that he did not pose a threat to Officer Lefleur or was capable of destroying evidence, and the search incident to arrest was unconstitutional. In support of his argument, the defendant cites *State v. Daigre*, 364 So.2d 902 (La. 1978) and *State v. Zito*, 406 So.2d 167, 168 (La. 1981).

Even if we were to find merit in the defendant's assertion that the search was not incident to arrest, a consideration we do not undertake, we note that the inevitable discovery doctrine applies under these circumstances. "In *Nix v. Williams*, 467 U.S.

8

431, 446-477, 104 S.Ct. 2501, 2510-2511 (1984), the [United States] Supreme Court held that the exclusionary rule does not apply when the State proves that the unconstitutionally obtained evidence would inevitably have been found in a constitutional manner." *State v. Tassin*, 99-1692, p.4 (La.App. 4 Cir. 3/15/00), 758 So.2d 351, 354. As stated in the previous assignment, Officer Lefleur had probable cause to believe that the injured dog was contraband. The dog would have been found under the "plain view" doctrine. Officer Lefleur testified that the video camera was in plain view on the passenger-side floorboard. Furthermore, this evidence would have also been inevitably discovered because an inventory search would have been conducted pursuant to Officer Lefleur's call for a tow truck to impound the vehicle. Finally, upon discovery, humanitarian reasons would have ultimately required the removal of the dog from the car.

For these reasons, this assignment lacks merit.

*Remaining Assignments of Error*

In his remaining assignments of error, the defendant contends that the trial court erred in finding either that exigent circumstances supported the search or that the search was conducted incident to arrest. Due to our finding that the search was permissible for the above reasons, we do not reach these cumulative arguments.

**DECREE**

For the foregoing reasons, the defendant's conviction is affirmed. This matter is remanded and the trial court is instructed to send the defendant appropriate written notice of La.Code Crim.P. art. 930.8's prescriptive period for filing post-conviction relief within ten days of the rendition of this opinion and to file written proof that the defendant received notice in the record of the proceedings.

**AFFIRMED; REMANDED WITH INSTRUCTIONS.**