NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-12

STATE OF LOUISIANA

VERSUS

THOMAS EAGLIN
AKA EAGLIN THOMAS
AKA THOMAS H. EAGLIN

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 127753
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

AFFIRMED.

Michael Harson
District Attorney, Fifteenth JDC
Daniel M. Landry, III
Assistant District Attorney
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
Counsel for Appellee:
State of Louisiana

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**Counsel for Defendant-Appellant:**
**Thomas Eaglin**

**PICKETT, Judge.**

## FACTS

On December 31, 2009, the Lafayette Parish Sheriff's Office received a report of a suspicious person in downtown Lafayette. At around 10:00 p.m. that evening, two patrol units were dispatched to the area to investigate. The first deputy to arrive saw a man, later identified as the defendant, Thomas Eaglin, lean out of a recessed doorway and then fall forward onto the sidewalk. The second officer arrived seconds later and saw the defendant sitting on the sidewalk in front of the doorway. Both officers left their units and approached the defendant, who stated that he had hurt his ankle. The officers asked the defendant whether he required medical attention, which he refused.

The defendant was asked to stand up, whereupon he ran from the scene, with the officers in pursuit, one on foot and one in a patrol vehicle. The officer pursuing on foot repeatedly ordered the defendant to halt, and the officer observed the defendant throwing a revolver onto the road, beneath the railroad bridge on which the two were then located. The defendant was apprehended, the weapon recovered, and the defendant ultimately charged as being a felon in possession of a firearm.

The defendant was charged by bill of information dated February 9, 2010, with the offense of possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1. On May 10, 2010, the defendant filed a motion to suppress evidence in the trial court. A hearing was conducted regarding the defendant's motion on July 22, 2010, after which the trial court denied the motion without reasons. On August 16, 2010, the defendant pled guilty to the charged offense and was sentenced to serve ten years at hard labor, with credit for time served.

1

On August 19, 2010, the defendant filed a motion for appeal. The trial court granted the defendant's motion on August 20, 2010. The defendant now appeals, alleging two assignments of error.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there is one error patent. The trial court failed to orally pronounce sentence. This is also raised as assignment of error number two.

Louisiana Code of Criminal Procedure Article 871(A) provides: "A sentence is the penalty imposed by the court on a defendant upon a plea of guilty, upon a verdict of guilty, or upon a judgment of guilt. Sentence shall be pronounced orally in open court and recorded in the minutes of the court."

The minutes of sentencing reflect in pertinent part:

> THE COURT SENTENCED THE DEFENDANT IN ACCORDANCE WITH THE PLEA AGREEMENT CONTAINED ON THE PLEA FORM, WHICH WAS SIGNED BY THE DEFENDANT, A COPY OF THE SAME WAS RECEIVED BY THE DEFENDANT AND THE ORIGINAL WAS FILED INTO THE RECORD, THAT BEING: 10 YEAR[S] HARD LABOR, CREDIT FOR TIME SERVED, CONCURRENT WITH ANY OTHER SENTENCE SERVING, WITHOUT THE BENEFIT OF PAROLE, PROBATION OR SUSPENSION OF SENTENCE.

In reviewing the transcript to verify whether the minutes of sentencing were correct, we find there was no oral pronouncement of the sentence. Instead, the trial judge, while speaking to several defendants at once including Mr. Eaglin, had the following pertinent exchange:

THE COURT:

Do each of you wish to receive your sentence today and waive whatever delays you might be entitled to?

2

. . . .

MR. EAGLIN:

Yes, sir.

. . . .

THE COURT:

[H]aving said that your attorney negotiated for you and on your behalf a sentence you expect to received. That sentence is pronounced at the bottom of the plea form. Each of you have a copy of the plea form. Is that right?

. . . .

MR. EAGLIN:

Yes, sir.

Q. [THE COURT]:

Each of you are well acquainted with the sentence you expect to receive because it's at the bottom of your plea form.

On the guilty plea form, under the section of "PLEA RECOMMENDATION (Marked)," was set forth ten years hard labor, concurrent, without benefit of parole, probation, or suspension of sentence.

In *State v. Jones,* 517 So.2d 402, 406 (La.App. 5 Cir. 1987), *writ denied*, 522 So.2d 560 (La.1988), the court explained, "The purpose of requiring the defendant's presence at sentencing and of pronouncing the sentence in open court is to insure the defendant is apprised of the punishment imposed, See C.Cr.P. arts. 835, 871 and comments thereunder." *See also State v. Monk*, 528 So.2d 173 (La.App. 5 Cir.), *reversed on other grounds*, 532 So.2d 1143 (La.1988) and *State v. Davenport,* 520 So.2d 463 (La.App. 5 Cir. 1988).

3

In *State v. Portalis*, an unpublished appeal bearing docket 99-1807 (La.App. 3 Cir. 5/3/00),[1] on errors patent review, this court recognized two errors, one of which was the trial court's failure to orally pronounce sentence in accordance with La.Code Crim.P. art. 871. In open court, the trial court stated the defendant was sentenced "in accordance with the plea agreement." This court held in pertinent part:

> Initially, we observe that the requirements of Article[s] 871 and 556.1 are statutory requirements rather than constitutional requirements. There is no indication in the *Boykin* analysis to indicate that Defendant's plea was not voluntary or that he was unaware of the terms of the plea agreement or the nature of the charges against him. Defendant acknowledged that he signed the plea agreement and that he understood that by pleading guilty he could not appeal his sentence. We find the trial court's failure to pronounce Defendant's sentence orally in open court and to inform him that this sentence could be with or without hard labor to be harmless error.

In this case, the guilty plea form sets forth the sentence imposed. This guilty plea form was signed by the defendant, the defendant's attorney, and the trial court judge. Additionally, at the guilty plea proceeding, the trial court advised the defendant of the possible penalty and asked the defendant if he understood. The defendant responded affirmatively. The defendant acknowledged he had a copy of the plea form. On appeal, the defendant does not complain he was not apprised of the sentence that was imposed.

We find, *in this particular case*, that the error is harmless.

## ASSIGNMENT OF ERROR

The defendant contends that the trial court erred in denying his motion to suppress evidence. Specifically, the defendant alleges that the weapon in the case was unlawfully obtained and should have been suppressed. The trial judge acted within his discretion in denying the defendant's motion, and this claim has no merit.

---

[1] See La.Code Civ.P. art. 2168, citing to unpublished cases.

4

During the hearing on the motion to suppress, Sergeant Scott Haydel, of the Lafayette Parish Sheriff's Office, testified that he was dispatched to the intersection of Lee and Cyprus Streets in Lafayette because of a report that there was "a suspicious person lurking in the doorway, waiting to rob people as they walked by." As the officer drove up to the location, a closed business which had a recessed door, the defendant "poked his head out, leaned forward, and then fell onto the sidewalk next to" the patrol unit. The backup unit arrived, and the two deputies approached the defendant, who told them that he had hurt his ankle. The officers asked whether the defendant required an ambulance, and the defendant declined. Officer Haydel noted that the defendant's speech was "mumbled" and "a little bit slurred."

The defendant was asked to stand up, at which point "he took off running." The other deputy chased the defendant on foot, while Sergeant Haydel pursued in his patrol unit. The defendant was apprehended during the foot chase.

Deputy Robert Lawrence, also of the Lafayette Parish Sheriff's Office, testified that he was also dispatched to the scene, as described by Sergeant Haydel, to investigate a suspicious person "about to rob somebody." The officer further testified that the area where the defendant was found had been the location for "a lot of reports of car burglaries, robberies, things of that nature." He observed the defendant sitting in the doorway of the closed business. He asked the defendant if he was okay and was told by the defendant that his ankle was hurt. The defendant did not want an ambulance. The defendant was wearing baggy jeans and a baggy hooded sweatshirt. The clothing was too baggy to determine whether there were any weapons beneath. The defendant "seemed coherent" but his speech was "a little mumbled and slurred," and he would not look at Officer Lawrence as they spoke.

5

He asked the defendant to stand up, at which time he stood up and started running from the scene, with Deputy Lawrence giving chase on foot. He repeatedly ordered the defendant to stop during the chase. As they crossed a railroad bridge on Jefferson Street, the officer saw the defendant pull out a silver, chrome and black revolver with his left hand and throw it off the bridge, onto the roadway below. Deputy Lawrence caught up with the defendant and detained him, later recovering the weapon. The defendant gave no explanation concerning why he ran from the officers.

At the conclusion of this testimony, both sides rested, without oral argument. The trial court denied the motion to suppress, without oral or written reasons.

In brief to this court, both the state and defense counsel aver that the appeal in this case is pursuant to the provisions of *State v. Crosby*, 338 So.2d 584 (La.1976). Neither the transcript of the suppression hearing nor that of the plea proceeding include any such reservation of rights by the defendant. However, the court minutes in the defendant's case state that "Defendant [is] entering a crosby plea reserving defendant's right to appeal denial of motion to suppress." Further, the plea form contained in the record has a handwritten notation, stating "Crosby Plea, reserving defendant's right to appeal motion to suppress." The form is signed by the trial judge, the defendant and the prosecutor. We therefore consider this plea as being made pursuant to *Crosby* which allows the defendant to appeal the ruling on the Motion to Suppress.

In brief, the defendant contends that he was unlawfully seized and that the weapon should not be permitted into evidence. This court has set forth the standard of review for trial court rulings denying motions to suppress, as follows:

> The appellate court looks at the totality of the evidence presented at the hearing for the motion to suppress when reviewing a trial court's

denial of the motion. *State v. Sherman*, 03-1198 (La.App. 3 Cir. 3/2/05), 896 So.2d 1194. The appellate court should overturn the trial court's conclusions only if they are not supported by the evidence or there is a clear abuse of discretion. *State v. Purvis*, 96-787 (La.App. 3 Cir. 12/11/96), 684 So.2d 567. "In other words, the appellate court will give the trial court's determination great weight and will not set aside the trial court's ruling unless clearly mandated by a preponderance of the evidence." *Sherman*, 896 So.2d at 1202.

*State v. Moreau*, 05-544, pp. 3-4 (La.App. 3 Cir. 12/30/05), 918 So.2d 598, 601.

As provided in La.Code Crim.P. art. 215.1, a police officer may stop a person in a public place "whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions." As noted, the officers in defendant's case were responding to a report of a suspicious person, at night, in an area known for criminal activity and who was possibly waiting to rob a passerby.

In *State v. Darby*, 550 So.2d 963 (La.App. 5 Cir. 1989), the court found that officers' observation of suspects standing in the doorway of a closed business, late at night, justified an investigatory stop of the suspects and that the subsequent seizure of illegal drugs was, therefore, lawful. In *State v. Bolden*, 380 So.2d 40 (La.1980), *cert. denied*, 449 U.S. 856, 101 S.Ct. 153 (1980), the court held that a tip regarding possession of a dangerous weapon by a person, at 11:00 p.m., near a nightclub, warranted investigation and detention of the suspect.

The reviewing court must examine the totality of the circumstances in determining whether the police had reasonable cause to stop a defendant. *State v. Johnson*, 01-2081 (La. 4/26/02), 815 So.2d 809. Nervousness and flight are factors which can lead to a finding of probable cause. *State v. Wade*, 390 So.2d 1309 (La.1980), *cert. denied*, 451 U.S. 989, 101 S.Ct. 2326 (1981). Further, the supreme court recently held that unprovoked flight, coupled with the lateness of the hour and

a dimly lit area justified an investigatory stop. *State v. Morgan*, 09-2352 (La. 3/15/11), ___So.3d___.

In the defendant's case, the officers did not initially detain the defendant. The officers responded to a report of a suspicious person. Before even approaching the defendant he fell onto the pavement. The officers then approached him and offered medical assistance when he complained of a hurt ankle. The officers pursued him when he jumped up and ran, which, under the circumstances, was reasonable and justified. He was not actually detained until after he ran from the officers and one of the officers saw him pull out a gun and throw it from the bridge.

Considering the totality of the circumstances, the detention of the defendant after the chase and the subsequent seizure of the weapon was proper. The trial court did not abuse its discretion by denying the defendant's Motion to Suppress Evidence. This assignment of error lacks merit.

## CONCLUSION

Both the defendant's sentence and conviction are affirmed.

**AFFIRMED.**

8