NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-743

STATE OF LOUISIANA

VERSUS

HERMAN SIMON

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 131,223
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of John D. Saunders, Phyllis M. Keaty, and John E. Conery, Judges.

CONVICTION AND SENTENCE AFFIRMED;
REMANDED WITH INSTRUCTIONS; AND
MOTION TO WITHDRAW GRANTED.

Michael Harson
District Attorney
Ronald Dauterive
Assistant District Attorney
Post Office Box 3306
Lafayette, Louisiana  70502-3306
(337) 232-5170
Counsel for Appellee:
        State of Louisiana

**Edward J. Marquet**
**Louisiana Appellate Project**
**Post Office Box 53733**
**Lafayette, Louisiana  70505-3733**
**(337) 237-6841**
**Counsel for Defendant/Appellant:**
       **Herman Simon**

**KEATY, Judge.**

Defendant, Herman Simon (Simon), was charged by bill of information as follows:

Count 1:    Driving while intoxicated, fifth offense, in violation of La.R.S. 14:98;

Count 2:    Reckless operation of a vehicle, in violation of La.R.S. 14:99;

Count 3:    Driving without insurance, in violation of La.R.S. 32:861;

Count 4:    Switched license plate, in violation of La.R.S. 47:536.8; and

Count 5:    Driving while under suspension, in violation of La.R.S. 32:415.

On November 3, 2011, pursuant to a plea agreement, Simon pled guilty to the amended charge of driving while intoxicated, fourth offense, in Count 1, in exchange for the State's dismissal of the charges in Counts 2, 3, 4, and 5. Simon was sentenced on May 7, 2012, to serve twenty-five years at hard labor with all but five years suspended. He was also ordered to pay $450 in court costs and a $50 fee to the Louisiana Commission on Law Enforcement to be credited to the Drug Abuse Education and Treatment Fund. Upon completion of his term of incarceration, the trial court ordered five years of active supervised probation. As a condition of his probation, Simon was ordered to pay a monthly supervision fee of $60 and a monthly fee of $11 for the Sex Offender Registry Technology Fund. Additionally, the trial court ordered the following special conditions of probation: (1) participation in forty eight-hour days of court-approved community service activity; (2) submission to an evaluation by the Department of Health and Hospitals Office of Behavioral Health to determine the nature and extent of his substance abuse disorder and participation in any recommended treatment plan, including treatment in any approved inpatient facility for not less than four weeks

followed by outpatient treatment for not more than twelve months; (3) house arrest with electronic monitoring program approved by the Division of Probation and Parole for twelve months and compliance with written conditions of house arrest; (4) staying out of the entertainment district during probation; and (5) inability to operate a vehicle without a function ignition interlock device. Lastly, the trial court ordered Simon transferred from the Lafayette Parish Correctional Center to one of the Department of Corrections Diagnostic and Reception Centers. The trial court stated that the purpose of the transfer was for the development of a reentry plan. The trial court recommended the plan include substance abuse treatment at the Clinical Substance Abuse Treatment Unit followed by work release. Simon's timely filed motion to reconsider sentence was summarily denied.

Appellate counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). We find there are no non-frivolous issues in this matter. Accordingly, Simon's conviction and sentence are affirmed, and counsel's motion to withdraw is granted.

## DISCUSSION

### FACTS

At Simon's guilty plea hearing, the State set forth the following factual basis:

> The State would show that the defendant in the parish of Lafayette on or about November 20, 2010, unlawfully operated a motor vehicle on a public highway while under the influence of alcoholic beverages in violation of R.S. 14:98.
>
> Furthermore, previously, on or about May 6, 2001, unlawfully operated a motor vehicle on a public highway while under the influence of alcoholic beverages and was convicted of that charge on July 10, 2002, in the 15th Judicial District, Lafayette, in violation of R.S. 14:98.
>
> Furthermore, that the defendant on or about August 3, 2001, unlawfully operated a motor vehicle on a public highway while under the influence of alcoholic beverages and was convicted of that charge

on November 30, 2001, in the 16th Judicial District, Parish of Iberia, in violation of R.S. 14:98.

Furthermore, on November 15, 2003, the defendant unlawfully operated a motor vehicle on a public highway while under the influence of alcoholic beverages and was convicted of that offense on August 4, 2004, in the 15th Judicial District, Lafayette Parish, in violation of R.S. 14:98.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent.

The trial court orally informed Simon of the prescriptive period for filing an application for post-conviction relief at the time of his guilty plea. Specifically, the court advised Simon that he had "two years from the date your sentence becomes final to file any post[-]conviction relief petitions."

Louisiana Code of Criminal Procedure Article 930.8 provides the following regarding the appropriate time to advise Simon of the prescriptive period for filing post-conviction relief:

C. At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief either verbally or in writing. If a written waiver of rights form is used during the acceptance of a guilty plea, the notice required by this Paragraph may be included in the written waiver of rights.

Simon was provided notice on the waiver of rights form, but the information contained thereon incorrectly stated that he had two years from that day to file any applications for post-conviction relief. Since the information contained on the written waiver of rights form was incorrect and the trial court notified Simon of the time limitation verbally at the guilty plea proceeding rather than notifying him verbally at sentencing, the notice did not meet the technical requirements of La.Code Crim.P. art. 930.8.

In *State v. Moreau*, 05-544, p. 2 (La.App. 3 Cir. 12/30/05), 918 So.2d 598, 600, this court ordered the trial court to send the defendant written notice of the prescriptive period of La.Code Crim.P. art. 930.8 where the trial court notified the defendant verbally at the guilty plea proceeding rather than in a written waiver of rights form:

> Since the trial court notified the defendant verbally at the guilty plea proceeding, rather than in a written waiver of rights as is required if notification is given at the time of the plea rather than sentencing, this notice did not meet the requirements of La.Code Crim.P art. 930.8(C).

Thus, out of an abundance of caution, we instruct the trial court to inform Simon of the correct prescriptive period of La.Code Crim.P. art. 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof in the record of the proceedings that he received the notice.

## *ANDERS* ANALYSIS

Pursuant to *Anders*, 386 U.S. 738, Simon's appellate counsel has filed a brief stating that after a review of all matters filed in the record, court proceedings, and the transcripts, he could find no non-frivolous issues that could be advanced on appeal. Accordingly, appellate counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides

4

an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Appellate counsel's "Motion To Withdraw As Attorney Of Record" states he conducted "a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal and no rulings of the trial court which would arguably support the appeal." In his appellate brief, counsel recited the procedural history of Simon's amended charge, plea, plea agreement, and sentencing. He noted that Simon was properly advised of his *Boykin* rights and "voluntarily and knowingly entered the guilty plea." Counsel concluded that no non-frivolous issues exist for appeal. Simon was afforded an opportunity to file his own brief but did not do so.

Pursuant to *Anders* and *Benjamin*, we have performed an independent, thorough review of the record, including the pleadings, the minute entries, the bill of information, and the transcripts. Simon was properly charged by a bill of information and was present and represented by counsel at all crucial stages of the proceedings. Simon pled guilty to the amended charge of driving while intoxicated, fourth offense, with a sentencing range of ten to thirty years, with or without hard labor, and a fine of $5,000. La.R.S. 14:98(E)(1)(a). As such, Simon's twenty-five-year sentence was legal and less than the maximum possible sentence. The majority of his sentence was suspended, and he was spared a significant fine.

We find there are no rulings which arguably support an appeal.

## DECREE

Defendant's conviction and sentence are affirmed. The trial court is instructed to inform Defendant of the correct prescriptive period of La.Code Crim.P. art. 930.8 by sending appropriate written notice to him within ten days of

5

the rendition of this opinion and to file proof in the record of the proceedings that

he received the notice.  Appellate counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS; AND MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.